**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOHN B. MOODY,                       )<br>                                                      )<br>           Petitioner,                      )<br>v.                                                  )           No. 2:09-cv-237-WTL-JMS<br>                                                      )<br>SUPERINTENDENT BRUCE LEMMON, )<br>                                                      )<br>           Respondent.                  ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

    John Moody seeks a writ of habeas corpus with respect to his 1993 conviction in Madison County conviction for murder. *See Moody v. State,* 693 N.E.2d 998 (Ind.App. 1998)(Table). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on applications for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Subject to exceptions not applicable here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Moody's conviction was final, for statute of limitations purposes, on September 8, 1998, when the time to seek certiorari on direct appeal expired. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired).

    The habeas clock began to run on September 9, 1998. The present action was filed with the clerk on July 24, 2009. This filing date was nearly 10 years beyond the expiration of the statute of limitations on September 9, 1999. Although pursuant to 28 U.S.C. § 2244(d)(2) the running of the habeas clock is tolled while a "properly filed" application for post-conviction relief is pending in state court, *see Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002), and although Moody filed an action for petition for post-conviction relief on October 14, 1999, the filing of the post-conviction action did not toll the running of the habeas clock in Moody's case. This is because the statute of limitations had already expired by the time the petition for post-conviction relief  was filed. *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Moody has encountered the hurdle produced by the one-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he seeks. His petition for a writ of habeas corpus is therefore **dismissed as untimely.**

**IT IS SO ORDERED.**

Date: 11/23/2009

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana